IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GLENN SHOEMAKER, on behalf of himself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 2:22-cv-04089-MDH<br>) |
| MENARD, INC., DISSTON COMPANY, and GINO DEVELOPMENT, INC., | )<br>)<br>) |
| Defendants. | )<br>) |

## ORDER

Before the court is Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for Failure to State a Claim. The Court has considered all briefing. For reasons herein, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**. Defendants' Motion is granted only to the extent Plaintiff's Counts Two and Three assert claims in federal common law.

## BACKGROUND

The instant matter involves a dispute about bonded abrasive wheels that attach to power tools used to cut and grind materials like metal and concrete. Specifically, Plaintiff alleges that, in violation of industry standards, Defendants manufactured and/or sold abrasive wheels whose packaging lacked clear and identifiable expiration dates and/or warnings. This caused Defendant and others to purchase wheels that previously expired or for which there was no reliable way to determine whether an expiration date already passed. Plaintiff makes class action allegations and seeks a refund for money paid and injunctive relief, preventing future sales of the allegedly defective product. Plaintiff has alleged, under Count One, violations of the Missouri Merchandising Practice Act ("MMPA"); under Count Two, unjust enrichment; and under Count

1

Three, breach of implied warranty. Plaintiff's Counts Two and Three are brought on behalf of a nationwide class as well as a Missouri subgroup.

**STANDARD**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court ordinarily will not consider materials outside of the pleadings, but "[i]n a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017) (quotation marks and citation omitted).

In analyzing a motion to dismiss, the Court must "accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party, . . . but [is] not bound to accept as true threadbare recitals of the elements of a cause of action, supported by mere conclusory statements or legal conclusions couched as factual allegations." *McDonough v. Anoka Cnty.*, 799 F.3d 931, 945 (8th Cir. 2015) (quotation marks and citations omitted).

**DISCUSSION**

**I.  Plaintiff's MMPA Claim is Sufficiently Specific**

Defendants argue that Plaintiff's MMPA claim is subject to the heightened pleading standard contemplated by Rule 9(b), which provides in part, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Regardless of whether pleading standards identified by Rule 9(b) apply to Plaintiff's MMPA claim, Plaintiff's allegations are sufficient to survive a Motion to Dismiss. To the extent Plaintiff's MMPA pleadings require

2

specific allegations as to the "who, what, where, when, and how" of the alleged misconduct, contentions within the Second Amended Complaint are adequate. *Goldman v. Tapestry, Inc.*, 501 F. Supp. 3d 662, 671 (E.D. Mo. 2020) (internal quotations omitted). As to when, Plaintiff has alleged the sales at issue occurred during the five years prior to the filing of the Second Amended Complaint. (Doc. 40 at ¶¶ 30, 44). *See May v. Makita U.S.A., Inc.*, No. 1:22-CV-79-SNLJ, 2023 WL 417487, at *4 (E.D. Mo. Jan. 26, 2023) ("'The when' is the two-year class period when plaintiff bought the wheels, not necessarily the specific dates he bought wheels. Plaintiff sufficiently pled that the misrepresentations occurred within the past two years when he viewed the wheels' label and then bought the wheels."). As to where, Plaintiff sufficiently alleges that the lack of warning or clear expiration date occurs on the packaging of the bonded adhesion wheels. *See Drew v. Lance Camper Mfg. Corp.*, No. 3:21-CV-05066-RK, 2021 WL 5441512, at *5 (W.D. Mo. Nov. 19, 2021) ("the 'where' is the manufacturing specifications and data decal."). Contrary to Defendants' claims, the Second Amended Complaint also plainly lays out how the misconduct is alleged to have occurred: the product's packaging lacks adequate notice to purchasers that a date exists beyond which the product cannot be used safely as designed. (Doc. 40 at ¶¶ 58, 77, 78).

Further, to the extent Defendants attempt to argue that Plaintiff has failed to sufficiently plead the scienter requirement contemplated by Rule 9(b), this argument fails as well. Rule 9(b) also indicates that, "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Plaintiff's general allegations that industry standard requires a clear expiration date on packaging, complete with references to authority which may conceivably reflect industry standard, proves sufficient, for 12(b)(6) purposes, for the standard contemplated by Rule 9(b).

## II. Plaintiff's Unjust Enrichment and Breach of Implied Warranty Claims
### a. Nationwide claims remain to extent based on law of other states

Defendants argue that Plaintiff's allegations about a nationwide class under the Count One's unjust enrichment claim and Count Two's breach of implied warranty claim must be dismissed because of lack of federal common law that would give rise to Plaintiff's allegations. Defendants are correct that no federal common law exists, except in those limited instances where Congress and the Supreme Court have specifically carved out an exception. *Texas Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641 (1981). No cited authority suggests, and Plaintiff does not contend, that Counts Two or Three somehow fall into such an exception. To the extent, therefore, Plaintiff intends to bring his unjust enrichment or breach of implied warranty claim under some perceived federal common law, those claims are dismissed.

Because Plaintiff also alleges a nationwide class under Counts Two and Three, Plaintiff may intend to bring his unjust enrichment and breach of implied warranty claims under the law of the various home states, to the extent such law is sufficiently similar to allow certification of a nationwide class. Though the Second Amended Complaint lacks citation to law of other states beyond Missouri, this is not fatal at the 12(b)(6) stage. As this Court found previously, Plaintiff must provide at the class certification stage a full analysis of which sources of law govern each claim. *In re: Dollar Gen. Corp. Motor Oil Mktg. & Sales Pracs. Litig.*, 2017 WL 3863866, at *6 (W.D. Mo. Aug. 3, 2017). To the extent Plaintiff intends to bring his Count Two and Three claims under the laws of various other states, those nationwide claims are not dismissed at this stage.

### b. Economic loss doctrine does not warrant 12(b)(6) dismissal

Defendants argue that the economic loss doctrine, which limits a plaintiff's ability to recover in tort for purely economic damage, requires dismissal of Plaintiff's Missouri sub-class claims under Counts Two and Three. *See Wilbur Waggoner Equip. & Excavating Co. v. Clark*

4

*Equip. Co.*, 668 S.W.2d 601, 603 (Mo. Ct. App. 1984) ("It is the law in Missouri…that recovery in tort for purely economic damage is limited to those cases where there is personal injury, damage to property other than that sold, or destruction of the property sold due to some violent occurrence."). As Plaintiff notes, however, this Court, quoting the Eighth Circuit, recently distinguished between commercial contracting parties and consumers whose allegations sound in fraud. *See Browning v. Anheuser-Busch, LLC*, 539 F. Supp. 3d 965, 974 (W.D. Mo. 2021) ("The [doctrine] ... forbids commercial contracting parties (as distinct from consumers, and other individuals not engaged in business) to escalate their contract dispute into a charge of tortious misrepresentation[.]") (internal citations omitted). Because there is no indication Plaintiff is a commercial contracting party and because Plaintiff's allegations sound generally in fraud, the economic loss doctrine does not require dismissal of Plaintiff's Count Two and Three Missouri sub-class allegations, at least at the 12(b)(6) stage.

### c. Plaintiff's allegations are sufficient to support a *prima facie* unjust enrichment claim

To plead unjust enrichment, a plaintiff must allege, *inter alia*, that it would be unjust to allow a defendant to retain a benefit it received from the plaintiff. *Beeler v. Martin*, 306 S.W.3d 108, 112 (Mo. Ct. App. 2010). Defendants argue that Plaintiff has failed to adequately assert that injustice would result from allowing Defendants to maintain a benefit conferred, because Plaintiff failed to describe how he was misled by the packaging. This Court disagrees. The Second Amended Complaint adequately contends absence of a clearly-understood expiration date on the packaging prevented Plaintiff from knowing with certainty if the wheel he purchased expired, thereby precluding Plaintiff from safely and reliably using the product. (Doc. 40 at ¶ 31). Further, it remains premature to dismiss Plaintiff's unjust enrichment claim at the 12(b)(6) stage,

particularly where plaintiffs premise their unjust enrichment allegations on alleged deception. *See Browning v. Anheuser-Busch, LLC*, 539 F. Supp. 3d 965, 975–76 (W.D. Mo. 2021) ("At this early stage, Plaintiffs may plead their unjust enrichment claim in the alternative until it is determined whether they have an adequate remedy at law.").

### d. Plaintiff's allegations are sufficient to support a *prima facie* breach of implied warranty claim

To plead a breach of implied warranty claim, a plaintiff must allege, *inter alia*, that the goods sold to the plaintiff were not merchantable at the time of sale. Missouri law defines merchantability as being "fit for the ordinary purposes for which goods are used." RSMO § 400.2-314(c). Defendants argue that Plaintiff has failed to sufficiently allege that the bonded wheels at issue were not merchantable under Missouri law. This Court again disagrees. Plaintiff's Second Amended Complaint makes sufficiently clear that the wheels sold cannot be safely used without buyers having clear knowledge of an expiration date, indicating absence of merchantability. (Doc. 40 at ¶ 31).

Defendants also argue Plaintiff's notice of perceived breach is insufficient under Missouri law, which provides that "the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy" RSMO 400.2-607. Courts have interpreted this to mean that notice is required to the seller before the start of litigation. *Budach v. NIBCO, Inc.*, 2015 WL 6870145, at *5 (W.D. Mo. Nov. 6, 2015). Plaintiff's Second Amended Complaint makes clear that notice was given to Defendant Menard's, the seller,

on June 18, 2022.[1] Plaintiff filed his first complaint June 10, 2022, eight days before giving notice to Defendant Menard's. Nonetheless, this Court agrees with Plaintiff that notice is not strictly required where a plaintiff sufficiently alleges that a defendant had actual knowledge of the alleged defect. Quoting the Uniform Commercial Cord, a Missouri court found that "a party has notice of a fact when he has actual knowledge of it."*Jay V. Zimmerman Co. v. Gen. Mills, Inc.*, 327 F. Supp. 1198, 1204 (E.D. Mo. 1971). *See also Arcor, Inc. v. Textron, Inc.*, 960 F.2d 710, 715 (7th Cir. 1992) (under parallel Illinois law "buyer is deemed to have met the notice requirement when the seller has actual knowledge of the product's failure based on the seller's own observations."). The Second Amended Complaint specifically alleges that "Defendants knew of, or should have known of, their defects." Doc. 40 at ¶ 7. Plaintiff also supports this allegation with additional specific factual allegations. Doc. 40 at ¶¶ 8-14. Accordingly, Plaintiff has alleged sufficient facts as to Count Three's breach of implied warranty allegations.

## CONCLUSION

For foregoing reasons, Defendants' Motion is **GRANTED IN PART AND DENIED IN PART.** Plaintiff's allegations in Counts Two and Three are dismissed with prejudice to the extent those allegations are brought under any perceived federal common law. Otherwise, Defendants' Motion is denied.

**IT IS SO ORDERED.**

Dated: November 8, 2023   /s/ Douglas Harpool
                          **DOUGLAS HARPOOL**

---

[1] Defendants argue they received notice on June 13, 2022. Regardless of whether notice was given on June 13 or June 18, 2022, it is undisputed, and the Second Amended Complaint makes clear, that notice was given only after the filing of the initial complaint.

United States District Judge